# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

THE COMMISSIONERS OF HIGHWAYS OF THE TOWN
OF JAMAICA, Respondents, v. HENRY A. VAN ALLEN,
Appellant.

*Highway — encroachment upon it — certificate of a jury, summoned under section* 105
*of* 1 *Revised Statutes,* 522 — *question as to whether an appeal lies therefrom to the
County Court — Code of Civil Procedure, sec.* 3044.

Appeal from a judgment of the County Court of Queens county,
reversing a judgment and setting aside a certificate of a jury in pro-
ceedings brought by the commissioners of highways of the town of
Jamaica to compel the appellant to remove an alleged encroachment
upon a highway in that town.

The court at General Term said : " There is some doubt whether
this proceeding was appealable to the County Court. The commis-
sioners claimed that there was an encroachment made or continued
by defendant upon a highway in the town of Jamaica, and a failure
to remove the same after order and notice. By the provision of 1
Revised Statutes (522, § 105) the commissioners applied to a justice
of the peace for a precept to summon a jury. The jury found no
encroachment, and made a certificate to that effect, in which they
certified the damage to defendant sustained by him ' by such pro-
ceedings.' Section 108 provides that those damages, ' together with
the costs thereof, shall be paid by the commissioners, and shall be a
charge in their favor against the town.' There is no provision for
any entry of judgment or for its collection. The proceeding is
special. The justice issues the precept for the jury and swears them
and the witnesses, and then his duty seems to end. (*Pugsley* v.
*Anderson,* 3 Wend., 468.) The case seems to resemble cases of
reassessment of damages in opening roads. The justice causes a
jury to be summoned, and they fix the damages. The damages so

fixed are not collected by the judgment of the justice but by force of the certificate and the law under which it is made. Section 3044 of the Code, providing for appeals from justices' judgments, does not seem to be broad enough to cover such a case. The County Court assigns two errors for reversal. The judgment is against the evidence and the damages are unproven. * * * The jury certified the defendant's damages at twenty-five dollars. It is manifest that the damages intended to be certified by the jury relate wholly to the vexation and trouble, including legal expenses incurred in the defense of a baseless claim. The jury had the proceedings; knew of the contest upon the trial. A number of witnesses were sworn. Counsel were present conducting the investigation for the parties. The jury make the inquest; they are to be aided by witnesses if produced by the parties, and not otherwise. The damage is to be found in the same way. The amount found is reasonable and proper, and the judgment of the County Court should be reversed, with costs, and the certificate of the jury stand in full force."

*W. J. Stanford*, for the appellant.

*John Fleming*, for the respondents.

Opinion by PRATT, J.; opinion by BARNARD, P. J., for full reversal.

Present — BARNARD, P. J., DYKMAN and PRATT, J.

Order of County Court reversed and that of justice affirmed, except as to part reversing the twenty-five dollars damages found by the jury.